AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means    ☑ Original    ☐ 


CLERK'S OFFICE
A TRUE COPY
Jul 31, 2025
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No. **25-M-482 (SCD)**
Samsung cellphone, IMEI: 357532320264287; Samsung cellphone, IMEI: 350033886787545; Samsung )
cellphone, IMEI: 350239333945194; Samsung cellphone, IMEI: 352991850022439; Gabb Wireless )
cellphone, IMEI: 861583046022284; ONN 2.0 USB 128GB thumb drive; Attache 2GB thumb drive; ONN )
tablet, serial number: 1000714852APUQWM1036P; Lenovo Legion laptop computer, serial number: )
PF4RC651; Optima 2GB SD card; SanDisk 4GB SD card; Lexar 128MB SD card; SanDisk 32GB SD card; )
San Disk 4GB SD card; and Micro HC 32GB SD card. Devices are currently located at the United States )
Probation and Pretrial office in Milwaukee, WI. )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ____Eastern____ District of ____Wisconsin____
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before ____8-14-25____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____Honorable Stephen C. Dries____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of ____.

Date and time issued: ____7-31-25, 8:55 a.m.____    *Stephen C. Dries*
*Judge's signature*

City and state:    ____Milwaukee, WI____    Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

The property to be searched are a Samsung cellphone, model: SM-S1350L(GP), IMEI: 357532320264287; Samsung cellphone, IMEI: 350033886787545; Samsung cellphone, IMEI: 350239333945194; Samsung cellphone, IMEI: 352991850022439; Gabb Wireless cellphone, Model: Z5157V, IMEI: 861583046022284; ONN 2.0 USB 128GB thumb drive; Attache 2GB thumb drive; ONN tablet, serial number: 1000714852APUQWM1036P; Lenovo Legion laptop computer, serial number: PF4RC651; Optima 2GB SD card; SanDisk 4GB SD card; Lexar 128MB SD card; SanDisk 32GB SD card; San Disk 4GB SD card; and Micro HC 32GB SD card, hereinafter the "Devices."  The Devices are currently located at the United States Probation and Pretrial office, at 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202, and will be turned over to the Homeland Security Investigations office, 790 N. Milwaukee St., Suite 600, Milwaukee, WI 53202, and held in evidence upon issuance of this warrant.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records on the Devices described in Attachment A that relate to violations of 18 USC 2252 and 2252A and involve David Allen HAMMOND, including:

    i. Records containing child pornography or pertaining to the distribution, receipt, or possession of child pornography;

    ii. Records or information, photographs, videos, notes, documents, or correspondence, in any format or medium, concerning communications about child pornography or sexual activity with or sexual interest in minors;

2. All names, aliases, and numbers stored in the Devices, including numbers associated with the Devices, relating to the identities of those engaged in the possession, receipt, or distribution of child pornography.

3. The list of all telephone calls made or received located in the memory of the Devices that provides information regarding the identities of and the methods and means of operation and communication by those engaged in the possession, receipt, or distribution of child pornography.

4. Any SIM Card located within the Devices that helps to identify the cellular telephone number associated with the Devices.

5. Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Jul 31, 2025
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
Samsung cellphone, IMEI: 357532320264287; Samsung cellphone, IMEI: 350033886787545; Samsung cellphone, )
IMEI: 350239333945194; Samsung cellphone, IMEI: 352991850022439; Gabb Wireless cellphone, IMEI: )
861583046022284; ONN 2.0 USB 128GB thumb drive; Attache 2GB thumb drive; ONN tablet, serial number: )
1000714852APUQWM1036P; Lenovo Legion laptop computer, serial number: PF4RC651; Optima 2GB SD card; )
SanDisk 4GB SD card; Lexar 128MB SD card; SanDisk 32GB SD card; San Disk 4GB SD card; and Micro HC 32GB )
SD card. Devices are currently located at the United States Probation and Pretrial office in Milwaukee, WI.

Case No. 25-M-482 (SCD)

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the __Eastern__ District of __Wisconsin__, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2252A(a)(5)(B), and 18 USC 2252A(a)(2) | possession and distribution of child pornography |

The application is based on these facts:
Please see Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days *(give exact ending date if more than 30 days: ____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

**KEVIN C WRONA** Digitally signed by KEVIN C WRONA
Date: 2025.07.30 15:35:23 -05'00'

*Applicant's signature*

Kevin Wrona, Special Agent - HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __telephone__ *(specify reliable electronic means)*.

Date: 7-31-25

*/s/ Stephen C. Dries/*
*Judge's signature*

City and state: Milwaukee, WI      Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Kevin C. Wrona, having been duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent of the U.S. Department of Homeland Security, Homeland Security Investigations (HSI) since 2010, and am currently assigned to HSI Office of the Resident Agent in Charge, Milwaukee, Wisconsin. While employed by HSI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have gained experience through training at the Federal Law Enforcement Training Center and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media.

2. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched are: Samsung cellphone, model: SM-S1350L(GP), IMEI: 357532320264287; Samsung cellphone, IMEI: 350033886787545; Samsung cellphone, IMEI: 350239333945194; Samsung cellphone, IMEI: 352991850022439; Gabb Wireless cellphone, Model: Z5157V, IMEI: 861583046022284; ONN 2.0 USB 128GB thumb drive; Attache 2GB thumb drive; ONN tablet, serial number: 1000714852APUQWM1036P; Lenovo Legion laptop computer, serial number: PF4RC651; Optima 2GB SD card; SanDisk 4GB SD card; Lexar 128MB SD card; SanDisk 32GB SD card; San Disk 4GB SD card; and Micro HC 32GB SD card, hereinafter the "Devices." The Devices are currently located at the United States Probation and Pretrial office, at 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202, and will be turned over to the Homeland Security Investigations office, 790 N. Milwaukee St., Suite 600, Milwaukee, WI 53202, and held in evidence upon issuance of this warrant.

5. The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B

## PROBABLE CAUSE

6. On or about August 8, 2017, David Allen HAMMOND was indicted by a federal grand jury in the United States District Court for the Eastern District of Wisconsin on charges of possession and distribution of child pornography, in violation of 18 USC 2252A(a)(5)(B), and 18 USC 2252A(a)(2), respectively.

7. On or about January 12, 2018, HAMMOND pled guilty to one (1) count of distribution of child pornography, in violation of 18 USC 2252A(a)(2) On or about January 12, 2018, HAMMOND was sentenced to 90 months' imprisonment, followed by eight (8) years' supervised release. HAMMOND was also ordered register with the Sex Offender Registry.

8. On or about April 28, 2022, HAMMOND was released from federal custody, and his registration with the sex offender registry began. Pursuant to his sentencing, conditions of his supervised release included, amongst others, no possession/use of a computer with internet access, no possession or viewing of pornography or erotica, and submit to searches by the U.S. Probation Office.

9. On May 13, 2025, U.S. Probation Office administered a polygraph test on HAMMOND, which HAMMOND failed when asked if he accessed the internet on an unmonitored device.

10. On June 12, 2025, U.S. Probation Office conducted a search of HAMMOND's residence at: 128 South University Drive, #7, West Bend, WI 53905, which lead to the discovery of numerous internet-capable devices, ("Devices") which violated the conditions set by the Court by possessing the above unauthorized devices, along with viewing sexually explicit materials on them. The Devices were then seized by U.S. Probation.

11. On June 18, 2025, U.S. Probation Officer Tremayne White conducted a preliminary review of the storage devices, however nothing of evidentiary value was

recovered. On June 26, 2025, U.S. Probation Officer Tremayne White used OSTriage forensic search tool on the laptop (Lenovo laptop as described above in paragraph 4) and discovered several pornographic videos, depicting adults having sexual relations, in addition to several seemingly artificial intelligence (AI) produced images of young girls engaged in sexual relations with adults. After the initial content was observed, the search of the seized devices was stopped.

12. The Devices are currently in storage at the United States Probation and Pretrial office, at 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202. In my training and experience, I know that the Devices have been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of law enforcement, and will be in that same substantially same state when turned over to U.S. Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations.

## TECHNICAL TERMS

13. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a) Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to

and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b) Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c) Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d) GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated

"GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e) PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f) IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

g) Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the

structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

14. Based on my training, experience, and research, I know that the Devices have capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, PDA, and accessing /downloading information from the Internet. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

15. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

16. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Devices because

a) Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b) Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c) A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d) The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e) Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

17. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium,

that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

18. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

19. On January 12, 2018, HAMMOND was convicted of distribution of child pornography. As part of the conditions of his release, HAMMOND was ordered not to possess any unapproved electronic devices which can access the internet and not view any material depicting sexually explicit conduct. HAMMOND violated the conditions of his release by not only possessing unapproved electronic which can access the internet, but also possessing sexually explicit material, to include seemingly AI generated material depicting young females engaging in sexual conduct. Given HAMMOND's conviction history, the circumstances related to the search of his residence by U.S. Probation, and the content found on his devices, I submit there is probable cause for a search warrant authorizing the submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachment A to seek the items described in Attachment B.

# ATTACHMENT A

The property to be searched are a Samsung cellphone, model: SM-S1350L(GP), IMEI: 357532320264287; Samsung cellphone, IMEI: 350033886787545; Samsung cellphone, IMEI: 350239333945194; Samsung cellphone, IMEI: 352991850022439; Gabb Wireless cellphone, Model: Z5157V, IMEI: 861583046022284; ONN 2.0 USB 128GB thumb drive; Attache 2GB thumb drive; ONN tablet, serial number: 1000714852APUQWM1036P; Lenovo Legion laptop computer, serial number: PF4RC651; Optima 2GB SD card; SanDisk 4GB SD card; Lexar 128MB SD card; SanDisk 32GB SD card; San Disk 4GB SD card; and Micro HC 32GB SD card, hereinafter the "Devices." The Devices are currently located at the United States Probation and Pretrial office, at 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202, and will be turned over to the Homeland Security Investigations office, 790 N. Milwaukee St., Suite 600, Milwaukee, WI 53202, and held in evidence upon issuance of this warrant.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records on the Devices described in Attachment A that relate to violations of 18 USC 2252 and 2252A and involve David Allen HAMMOND, including:

    i. Records containing child pornography or pertaining to the distribution, receipt, or possession of child pornography;

    ii. Records or information, photographs, videos, notes, documents, or correspondence, in any format or medium, concerning communications about child pornography or sexual activity with or sexual interest in minors;

2. All names, aliases, and numbers stored in the Devices, including numbers associated with the Devices, relating to the identities of those engaged in the possession, receipt, or distribution of child pornography.

3. The list of all telephone calls made or received located in the memory of the Devices that provides information regarding the identities of and the methods and means of operation and communication by those engaged in the possession, receipt, or distribution of child pornography.

4. Any SIM Card located within the Devices that helps to identify the cellular telephone number associated with the Devices.

5. Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.